**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

FILED
U.S. DISTRICT COURT

2006 NOV -9  P 4: 34

D. Taylor

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :      CASE NO.: CR206-05 |
| | : |
| ERVIN SINGLETON | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Ervin Singleton ("Singleton") is charged with two alleged violations of 18 U.S.C. § 922(g)(1) , possession of a firearm by a felon.  Defense counsel moved to have a psychiatric evaluation performed to determine Singleton's competency to stand trial and his sanity at the time of the alleged offenses.  Said Motion was granted by an Order dated March 21, 2006.  Defendant was sent to the Federal Medical Center in Lexington, Kentucky, for an evaluation. Dr. Judith Campbell, Ph.D., a licensed psychologist working as a forensic psychologist for the Bureau of Prisons, examined Singleton.  Dr. Campbell completed a report of her forensic evaluation of Singleton and submitted this report to the Court and both parties.  On November 7, 2006, the undersigned conducted a hearing, at which Dr. Campbell testified.  Dr. Campbell testified that Singleton is competent to stand trial.

## DISCUSSION AND CITATION OF AUTHORITY

In <u>Dusky v. United States</u>, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960), the Supreme Court set forth the test to determine whether a defendant is competent to stand

AO 72A
(Rev. 8/82)

trial. This two-pronged test has been followed in the Eleventh Circuit on several occasions. See, e.g., Wright v. Sec'y for Dep't of Corr., 278 F. 3d 1245, 1256 (11th Cir. 2002). Specifically, the Eleventh Circuit stated in Wright, "[T]he standard for mental competency to stand trial is 'whether [a defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding– and whether he has a rational as well as factual understanding of the proceedings against him.'"  Wright, 278 F. 3d at 1256 (quoting Dusky, 362 U.S. at 402, 80 S. Ct. at 789).

## I.     Singleton Has Sufficient Present Ability to Consult With His Lawyer

In her report, Dr. Campbell stated that Singleton recalled a former interaction with defense counsel, and "expressed he believed his attorney was trying to help him by asking for the mental health evaluation." (Doc. No. 20, p. 10). Dr. Campbell also observed that Singleton appeared to comprehend the "importance and relevance of working with his attorney and conversing openly with him." (Id.). Dr. Campbell noted that Singleton stated, with regard to his attorney, that he "need[s] to tell him all the fact[s] about the case." (Id.). Finally, Dr. Campbell observed that Singleton was capable of discussing the facts of his case and indicated that he would be able to provide the same information to defense counsel. (Id.).

There was no evidence presented during the evidentiary hearing to contradict Dr. Campbell's opinion. Dr. Campbell's conclusion that Singleton has sufficient present ability to rationally and reasonably consult with his lawyer and assist in his defense is credible. Wright, 278 F.3d at 1256.

2

## II.   Singleton Has a Rational and Factual Understanding of the Proceedings

Dr. Campbell noted that Singleton "expressed an adequate, albeit somewhat concrete understanding of his legal situation." (Doc. No. 20, p. 9). Dr. Campbell observed that Singleton had an adequate knowledge of basic legal concepts and an ability to define terms used to describe the participants and procedures encountered in the courtroom. (Id.). Specifically, Singleton recognized the "defendant" as "someone that's blamed for the crime," the "DA" as "the one who represents the state," and the defense attorney as "one who helps the defendant." (Doc. No. 20, pp. 9-10). Singleton identified the jury's role as "12 people who say whether or not a person is guilty," and the judge's role as the person who "makes the final decision." (Doc. No. 20, p. 10). Singleton told Dr. Campbell that he was charged with "possession of a firearm by a convicted felon," and Dr. Campbell observed that Singleton "understood something of the consequences of being convicted of this charge and understood the punishment for this crime might include, 'up to 12 ½ years.'" (Id.). Dr. Campbell's opinion that Singleton has the ability to understand the pending proceedings is credible.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Court determine that Defendant Ervin Singleton is competent to stand trial.

So **REPORTED** and **RECOMMENDED**, this _9th_ day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3