IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CASE NO.: CR206-05 |
| ERVIN SINGLETON | : |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Ervin Singleton ("Singleton") is charged with two counts of violating 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon. Singleton filed a Motion for an evidentiary hearing to determine the admissibility of certain statements made during his arrest. The undersigned conducted the hearing on January 9, 2007, at which Investigator Timothy Williams ("Williams") with the Glynn County Police Department testified.

### FINDINGS OF FACT

The credible testimony at the evidentiary hearing established the following:

Law enforcement officials executed a warrant at a room of the Motel 6 in Brunswick, Georgia, on June 13, 2005. Singleton was present in the motel room at that time. Williams testified that when he entered the motel room, Singleton was sleeping on the bed and was facing the door from which officials entered. Williams testified that as he and his team entered the room, Singleton awoke and reached toward the night stand, at which point the officers secured Singleton on the bed and placed him in handcuffs. According to Williams,

AO 72A
(Rev. 8/82)

during this exchange Singleton stated that "he didn't have the gun, that the gun was in a dresser drawer at the foot of the bed," and asked whether "he would be doing federal time for the gun." Williams testified that these statements were made within thirty seconds of the officers having entered the room, and that they were not made in response to any questions, interrogation, or coercion on the part of any of the officers present. Williams testified that his only verbal communication with Singleton upon entering the hotel room was to advise Singleton that the officers were police and to instruct him not to move.

## DISCUSSION AND CITATION TO AUTHORITY

"No person . . . shall be compelled in any criminal case to be a witness against himself[.]" U.S. CONST. amend. V. "[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Miranda v. Arizona, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612, 16 L. Ed. 2d 694 (1966). Custodial interrogation means "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Id. The procedural safeguards required are that "[p]rior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." Id.

"[T]he Miranda safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. . . . [T]he term interrogation under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and

2

custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 300-01, 100 S. Ct. 1682, 1689-90, 64 L. Ed. 2d 297 (1980). Notably, however, "[v]olunteered statements are not barred by the [F]ifth [A]mendment." United States v. Satterfield, 743 F.2d 827, 849 (11th Cir. 1984).

Based on the testimony given during the evidentiary hearing, it is clear that Singleton had been handcuffed and arrested when he made the statements in question. The uncontroverted evidence before the Court is that Singleton was "in custody" for Miranda purposes. However, it is equally clear that Singleton's statements were not made in response to any interrogation on the part of the police, and thus were not obtained in violation of the Fifth Amendment. According to the uncontradicted testimony of Investigator Williams, Singleton made the statements within thirty seconds of police having entered the room. There is no evidence that any of the officers present expressly questioned Singleton, or by any words or actions coerced Singleton into making the statements. Rather, Singleton's words appear to have been wholly volunteered, and thus are not barred under Miranda and the Fifth Amendment.

In addition to a determination as to Miranda compliance, this Court must also determine the voluntariness of Singleton's statements. It is axiomatic that a Defendant in a criminal case may not be convicted based upon an involuntary confession. Jackson v. Denno, 378 U.S. 368, 376, 84 S. Ct. 1774, 1780, 12 L. Ed. 2d 908 (1964). A confession is not "voluntary" pursuant to the Due Process Clause of the Fourteenth Amendment where law enforcement officials have used coercive conduct. Colorado v. Connelly, 479 U.S. 157, 167, 107 S. Ct. 515, 522, 93 L. Ed. 2d 473 (1986). This Court finds that Singleton's

3

statements made during his arrest were voluntary. As discussed above, there is no evidence before this Court that any police officer participating in Singleton's arrest coerced or even questioned Singleton in any way in order to produce his statements. Singleton has not produced any evidence that his statements were induced by police coercion or were otherwise involuntarily made. In sum, upon conducting the requested Jackson-Denno inquiry, the Court concludes that Singleton's statements were made freely and voluntarily. As such, there is no basis for this Court to recommend suppression of Singleton's statements.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the statements made by Singleton during his June 13, 2005 arrest should not be suppressed.

**SO REPORTED** and **RECOMMENDED**, this 22nd day of January, 2007.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)