IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA　　*
　　　　　　　　　　　　　　　*
v.　　　　　　　　　　　　　　*　　　CR 206-05
　　　　　　　　　　　　　　　*
ERVIN SINGLETON,　　　　　　 *
　　　　　　　　　　　　　　　*

**O R D E R**

Defendant Ervin Singleton pled guilty on February 28, 2007 to possession of a firearm by a convicted felon. (Doc. 50.) On June 26, 2007, he was sentenced to serve 163 months and 18 days' imprisonment. (Doc. 58.) He remains incarcerated. To date, Defendant has not filed an appeal or a motion under 28 U.S.C. § 2255. Defendant has, however, filed a motion requesting free copies of his court transcripts because he believes "valid issues exist in [his] case which could provide the basis for post-conviction relief." (Doc. 75.) He does not specify which hearings he wants transcribed and sent.

Given that no motion for collateral relief under Section 2255 has been filed, Defendant's request for transcripts is, at best, premature. "It is well established that an indigent defendant does not have an absolute constitutional right to a free copy of his transcript or other court records for use in a collateral proceeding." United States v. Bronson Flanders

Phillips, No. 3:06-cr-016, Doc. 68 at 2 (S.D. Ga. Nov. 24, 2009); see also Jefferies v. Wainwright, 794 F.2d 1516, 1518 (11th Cir. 1986) ("Denial of a free transcript to an indigent defendant is unconstitutional only where the transcript is valuable to the defense and no functional alternatives exist."); Walker v. United States, 424 F.2d 278, 279 (5th Cir. 1970) ("A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error.").[1]  Moreover, 28 U.S.C. § 753(f) provides as follows:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

Here, Defendant has yet to file a Section 2255 motion and has failed to allege facts related to any anticipated motion. Accordingly, the Court is unable to determine whether he is pursuing a matter that is not frivolous or that the transcripts of the unspecified hearings are needed to decide an issue presented. See Bronson, No. 3:06-cr-016, Doc. 68 at 3 (denying request for documents made in anticipation of section 2255

---

[1] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding that Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in the Eleventh Circuit).

motion because, in part, the defendant had alleged insufficient facts to show documents were necessary in preparing his motion).

For the reasons stated, Defendant's motion for free transcripts and case record (Doc. 75) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of September, 2014.

*/s/ J. Randal Hall*
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA