IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| ERVIN SINGLETON, | ) | |
| Petitioner, | ) ) ) | CIVIL ACTION NO.: CV214-168 |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | (Case No.: CR206-5) |
| Respondent. | ) ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Ervin Singleton ("Singleton"), who is currently housed at Phillips State Prison in Buford, Georgia, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 contesting his conviction obtained in this Court. Respondent filed a Motion to Dismiss, and Singleton filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Singleton was indicted on two (2) counts of possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Singleton's counsel moved for a psychiatric examination, and the undersigned granted this motion. (CR206-5, Doc. Nos. 12, 14). After an evidentiary hearing, the undersigned issued a Report recommending Singleton be found competent to stand trial. The Honorable Anthony A. Alaimo adopted this recommendation as the order of the Court, and Singleton was deemed to be competent to stand trial. (Id. at Doc. Nos. 32, 33, 35). Singleton later entered into a plea agreement with the

Government and pled guilty to both counts of the indictment. Judge Alaimo sentenced Singleton to 163 months and 18 days' imprisonment, to be served concurrently with his Glynn County Superior Court sentence. (Id. at Doc. No. 56). The Court's judgment was entered on June 27, 2007. (Id. at Doc. No. 58). Singleton did not file a direct appeal.

In this motion, Singleton asserts that he was not convicted under his correct name, his convictions violate the double jeopardy clause, and he was mentally insane during the commission of his crimes. Respondent asserts that Singleton's motion is untimely and should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Motions made pursuant to 28 U.S.C. § 2255 are subject to a statute of limitations period. This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Singleton was sentenced on June 26, 2007, and judgment was entered on June 27, 2007. (CR206-5, Doc. Nos. 56, 58). Singleton had ten (10) days, or until July 12, 2007, to file a notice of appeal. FED. R. APP. P. 4(b)(1)(A)(i); FED. R. CIV. P. 6(a) (West

AO 72A
(Rev. 8/82)

2007 ed.); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting that, when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires). Singleton was informed of this time period by Judge Alaimo during sentencing. (See CR206-5, Doc. No. 56) (clerk's note that defendant advised of his appellate rights). Because Singleton did not file an appeal, he had until July 12, 2008, to file a timely § 2255 motion. 28 U.S.C. § 2255(f)(1). Singleton did not execute his § 2255 motion until November 4, 2014, which is more than six (6) years after the expiration of the applicable statute of limitations period. Singleton's petition is untimely under § 2255(f)(1).

Singleton asserts that he was not informed by his attorney or Judge Alaimo of the statute of limitations period applicable to section 2255 motions. Based on this assertion, it seems that Singleton intends to claim he is entitled to the equitable tolling of the statute of limitations period. "A movant 'is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing.'" Williams v. United States, 586 F. App'x 576, 576 (11th Cir. 2014) (quoting Holland v. Fla., 560 U.S. 631, 649 (2010)). Equitable tolling is typically applied sparingly and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). "The [movant] bears the burden of proving his entitlement to equitable tolling", Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), "and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the [movant] must establish both." Williams v. Owens, No. CV113-

157, 2014 WL 640525, at *3 (S.D. Ga. Feb. 18, 2014) (citing Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006)).

Singleton sent letters to the Court on July 21, 2010, October 3, 2011, and January 13, 2012. (CR206-5, Doc. Nos. 60–62). Singleton then filed motions for copies of the transcripts from his criminal proceedings on January 3 and 17, 2014, as well as a motion for clemency on February 3, 2014. (Id. at Doc. Nos. 63–64, 67). Singleton did absolutely nothing in an attempt to obtain post-conviction relief for more than three (3) years after he was sentenced in this Court. There is no evidence before the Court that Singleton was pursuing his rights, diligently or otherwise, during this time period. Additionally, even if Singleton was not aware of the statute of limitations period applicable to the filing of § 2255 motions, his ignorance of the law is not an extraordinary circumstance warranting equitable tolling. The Eleventh Circuit Court of Appeals "has defined 'extraordinary circumstances' narrowly, and ignorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test." Jackson v. Astrue, 506 F.3d 1349, 1356 (11th Cir. 2007) (citing Wakefield v. Railroad Retirement Bd., 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."); Sandvik v. United States, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to equitably toll Antiterrorism and Effective Death Penalty Act's statute of limitations on the basis of Sandvik's attorney's negligence); and Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) ("[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect.").

Singleton fails to show that he was pursuing his rights diligently or that some extraordinary circumstance prevented him from filing his section 2255 motion prior to November 4, 2014. Singleton is not entitled to the equitable tolling of the applicable statute of limitations period.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Singleton's motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**, with prejudice, as untimely filed.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of January, 2015.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)