IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

```
UNITED STATES OF AMERICA     *
                             *
                             *
    v.                       *      CR 206-005
                             *
ERVIN SINGLETON              *
                             *
```

## O R D E R

Now before the Court is Defendant's "Motion for a Deinstitutionalization Order." (Doc. 97.) In his Motion, Defendant asks this Court to release him from prison so that he may receive better care and treatment for his mental illness. Because Defendant is ultimately asking for a modification of his sentence, the Court construes his filing as a Motion to Reduce Sentence.

Before reaching the merits of his motion, this Court must first determine whether it has the power to reconsider Defendant's sentence. The general rule is that "[a] district court may not modify a term of imprisonment once it has been imposed, except where expressly permitted by Federal Rule of Criminal Procedure 35 or by 18 U.S.C. § 3582, and a district court lacks 'inherent power' to resentence a defendant." United States v. Barsena-Brito, 374 F. App'x 951, 951 (11th Cir. 2010) (citing United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th

Cir. 2002)). Therefore, this Court must analyze whether either Rule 35 or 18 U.S.C. § 3582 are applicable to the facts of this case.

Under Rule 35(a), a district court may "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after sentencing. FED. R. CRIM. P. 35(a). The Court sentenced Defendant on June 26, 2007, and he filed the present motion on April 9, 2015. This time frame clearly falls outside the fourteen-day window, and therefore this Court does not have the power to review the sentence under Rule 35(a). Under Rule 35(b), the government may move for a reduction of a defendant's sentence based on substantial assistance provided by the defendant. FED. R. CRIM. P. 35(b). However, no such motion has been filed by the government in this case.

The only additional authorization for a district court to modify a sentence is upon: (1) a motion by the Bureau of Prisons based on extraordinary circumstances or in cases involving an elderly prisoner; or (2) a retroactive amendment to the guidelines that lowers the sentencing range of the defendant. 18 U.S.C. § 3582(c). However, these requirements are not satisfied in the present action. The Bureau of Prisons has not moved to reduce Defendant's imprisonment based on extraordinary circumstances or age. Moreover, there is no applicable change

2

in the sentencing guidelines that has reduced Defendant's guideline range. As such, the Court does not have the power under 18 U.S.C. § 3582(c) to review Defendant's sentence.

Based on the foregoing, Defendant's Motion for a Deinstitutionalization Order (doc. 97), which the Court construes as a Motion to Reduce Sentence, is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of April, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA