FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 MAR 11 PM 2:58
CLERK M. akins
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 206-005 |
| | * | |
| ERVIN SINGLETON | * | |

## O R D E R

In the captioned matter, Defendant Ervin Singleton pled guilty to two counts of possession of a firearm by a convicted felon on February 28, 2007. Singleton was sentenced thereafter to a total term of 163 months and 18 days imprisonment to be served concurrently with the remainder of an undischarged term of imprisonment imposed in Georgia state court.[1] At present, Singleton remains a state prisoner under the custody of the Georgia Department of Corrections.

Singleton recently filed a motion requesting that this Court "contact the Department of Correction[s] with new release date or correct release date in this case." (Doc. 115.) It is unclear whether Singleton is requesting a recomputation of his state sentence with the Georgia Department of Corrections or perhaps credit against his federal sentence for the time he is serving in

---

[1] At the time of sentencing on June 26, 2007, Singleton had begun serving a state sentence on the state charges from which the firearm charges in this case arose.

state custody.

Matters of credit for time served and other length of sentence determinations must be directed to the Bureau of Prisons ("BOP"). A defendant may seek judicial intervention under 28 U.S.C. § 2241, but only after exhausting administrative remedies with the BOP, e.g., United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 *after* the exhaustion of administrative remedies." (emphasis added)), and only if the defendant is "in custody under or by color of the authority of the United States . . . ," 28 U.S.C. § 2241(c).

Here, Singleton is a state prisoner under the custody of the Georgia Department of Corrections. A federal sentence does not begin to run when a defendant is produced for prosecution in federal court pursuant to a federal writ of *habeas corpus ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner, and federal custody begins only when the state authorities relinquish the prisoner on satisfaction of the state obligation. Accordingly, any length of sentence determination by this Court, and for that matter, the BOP, is premature. The BOP has told Singleton this much as evidenced by an attached letter to his motion from the BOP, dated January 3, 2017, which informed Singleton that the BOP will calculate his federal time after he has completed his state sentence. (Doc. 115.) Moreover, to the extent that Singleton requests a computation of sentence different from the one computed by the Georgia Department of Corrections,

2

this Court lacks jurisdiction to consider or resolve any issues Singleton has with the state authorities.

Upon the foregoing, Singleton's motion for this Court's intervention in the computation of his criminal sentence (doc. 115) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this _11th_ day of March, 2019.

```
_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
```