IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 206-005 |
| | * | |
| ERVIN SINGLETON | * | |

**O R D E R**

In the captioned matter, Defendant Ervin Singleton pled guilty to two counts of possession of a firearm by a convicted felon on February 28, 2007. Singleton was sentenced thereafter to a total term of 163 months and 18 days imprisonment to be served concurrently with the remainder of an undischarged term of imprisonment imposed in Georgia state court.[1] Since his sentence, Singleton has been in the continuous custody of the Georgia Department of Corrections.

At present, Singleton has filed a "Request for Sentence to be Satisfy (sic) in Case No. CR 0500568-063." (Doc. 117.) The case number to which Singleton refers is his state criminal case. Singleton's "motion" asks this Court to recognize that his federal

---

[1] At the time of sentencing on June 26, 2007, Singleton had begun serving a state sentence on the related state charges from which the firearm charges in this case arose.

sentence is complete, having been satisfied on May 13, 2019.[2] (Id.) He then asks the Court to "request to have the [state court] satisfy my state sentence." (Id.)

It appears that Singleton is requesting release from state custody because he has completed his federal term. This Court, however, did not sentence Singleton for his state crimes. In fact, it appears from the Georgia Department of Corrections website that Singleton was sentenced to 20 years imprisonment, a term which he is still serving with a maximum possible release date of September 25, 2025. Accordingly, Singleton remains under the detention authority of the Georgia Department of Corrections, and this Court has no authority to dictate, consider or resolve any dispute Singleton has with the state authorities regarding the computation of his state sentence. See, e.g., Grossnickle v. State of Ala., 415 F.2d 864, 865 (5th Cir. 1969) (Propriety of method used and result reached by state prison authorities and state courts in computing time to be served by petitioner under state sentence presents no federal question subject to review by federal habeas corpus proceedings.); Kipen v. Renico, 65 F. App'x 958, 959 (6th Cir. 2003) (computation of petitioner's state-imposed prison term involves an issue of state law that is not cognizable under 28 U.S.C. § 2254).

Upon the foregoing, Singleton's motion for this Court to

---

[2] Indeed, the Bureau of Prisons' website indicates that Singleton was released on May 13, 2019.

"satisy" his state-imposed sentence (doc. 117) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of September, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA